UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00119-RJC

| | |
|---|---|
| IN RE BESTWALL LLC,<br><br>    Debtor.<br><br>CLAIMANTS LISTED IN EXHIBIT B, ET AL.,<br><br>    Appellants,<br><br>    v.<br><br>BESTWALL LLC,<br><br>    Appellee. | **ORDER** |

**THIS MATTER** comes before the Court on Appellee's Amended Motion to Dismiss (Doc. No. 19). For the reasons stated herein, the Amended Motion to Dismiss is **GRANTED** and this appeal is **DISMISSED**.

**I. BACKGROUND**

This appeal arises out of Bestwall LLC's (the "Debtor") Chapter 11 bankruptcy case in this District for the purpose of resolving asbestos-related claims against it. (Bankruptcy Case No. 17-31795). During the course of the bankruptcy proceeding, on March 23, 2021, the Bankruptcy Court granted the Debtor's request to serve a questionnaire by first class mail on the asbestos claimants with cases pending against the Debtor (the "PIQ Order"). (Bankr. Doc. No. 1670). The PIQ Order requires asbestos claimants with pending claims against the Debtor to submit information about their claims by completing a questionnaire (the "PIQ Questionnaire"). (*Id.*). Various parties appealed the PIQ Order to this Court, asserting that the Bankruptcy Court erred by authorizing the PIQ Questionnaire. On appeal, on May 10, 2021, this Court held that the

Bankruptcy Court's PIQ Order is not a final appealable order and denied leave to appeal the interlocutory PIQ Order.[1] (Case No. 3:21-cv-151-RJC, Doc. No. 11).

Thereafter, despite this Court's Order and the Bankruptcy Court's PIQ Order, a number of claimants did not comply with the PIQ Order, and the Bankruptcy Court entered an order requiring the non-complying claimants to comply with the PIQ Order (the "Enforcement Order"). (Doc. No. 19-1). Nevertheless, a number of claimants failed to comply. (*Id.*). On February 10, 2022, the Bankruptcy Court entered an order finding a number of claimants in contempt of the PIQ Order and Enforcement Order (the "Contempt Order"). (*Id.*). The Contempt Order allowed the non-complying claimants to purge their contempt before a subsequent compliance hearing. (*Id.*). The Appellants appealed the Contempt Order. (Doc. No. 1).

The Bankruptcy Court held multiple compliance hearings and found a number of claimants remained in contempt of the PIQ Order and Enforcement Order. (Doc. No. 19-2). Thus, the Bankruptcy Court sanctioned the non-compliant claimants with a $100 fine per day per claimant until the non-complying claimants purged their contempt (the "Sanctions Order"). (*Id.*). The Appellants appealed the Sanctions Order. (Case No. 3:22-cv-196, Doc. No. 1). This Court consolidated the appeals of the Contempt Order and Sanctions Order.

Following hearings and briefing, on August 8, 2022, the Bankruptcy Court entered an order finding in relevant part that "there has been substantial compliance" with the PIQ Order and terminating the daily fine from the Sanctions Order as of May 18, 2022 (the "Termination Order"). (Bankr. Doc. No. 2702). The Bankruptcy Court concluded that the accrued sanctions "shall be

---

[1] The Court later granted in part and denied in part a motion for rehearing filed by the Official Committee of Asbestos Claimants, vacating its affirmance of the PIQ Order but denying the motion to the extent it asked the Court to reconsider its jurisdictional decisions that the PIQ Order is not a final order for the purposes of 28 U.S.C. § 158(a)(1) and its denial of leave for an interlocutory appeal under 28 U.S,.C. § 158(a)(3). (Case No. 3:21-cv-151-RJC, Doc. No. 15).

treated as a setoff against any claim a Non-Compliant Claimant ultimately may have against a trust established pursuant to a confirmed plan of reorganization in this bankruptcy case." (*Id.*). Finally, the Bankruptcy Court waived accrued sanctions for nine claimants who stated for the first time that they did not have pending Mesothelioma claims against the Debtor. (*Id.*).

Now, the Debtor moves to dismiss this appeal, arguing the Contempt Order and the Sanctions Order are not final and not immediately appealable. (Doc. No. 19).

## II. DISCUSSION

This Court has jurisdiction over "final judgments, orders, and decrees . . . ." 28 U.S.C. § 158(a). Bankruptcy cases involve "an aggregation of individual controversies, many of which would exist as stand-alone lawsuits but for the bankruptcy status of the debtor." *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015). On the other hand, the list of contested matters and controversies in a bankruptcy case is "endless" *Id.* at 505. Thus, courts take a pragmatic view of finality in bankruptcy cases and orders in bankruptcy cases "may be immediately appealed if they finally dispose of discrete disputes within the larger case." *Id.*; *In re Computer Learning Centers, Inc.*, 407 F.3d 656, 660 (4th Cir. 2005). In the Fourth Circuit, "a party to litigation may not immediately appeal a civil-contempt order" because it is a non-final judgment and the reviewing court lacks jurisdiction. *U.S. v. Myers*, 593 F.3d 338, 344 (4th Cir. 2010) (citing *Fox v. Capital Co.*, 299 U.S. 105, 107 (1936)). However, disinterested non-parties to litigation may immediately appeal a civil contempt order because "the third party presumably lacks a sufficient stake in the proceeding to risk contempt by refusing compliance." *In re Naranjo*, 768 F.3d 332, 342 (4th Cir. 2014) (citing *In re Pruett*, 133 F.3d 217, 281 n.10 (4th Cir. 197); *Myers*, 593 F.3d at 345.

In *In re Stasz*, the Ninth Circuit Bankruptcy Appellate Panel concluded a civil contempt order enforcing a Rule 2004 examination was a final, appealable order. 387 B.R. 271, 275 (9th

BAP 2008). The Court reasoned that Rule 9020 provides that motions for contempt are contested matters and because the debtor's contempt of the Rule 2004 examination was the only matter before the court the order entered resolving the motion for contempt was a final order. *Id.* The court noted that if the sanctions award was not appealable at the time it was entered, it was unclear when the order would become final and appealable. *Id.* at 276. Other bankruptcy appellate panels have followed the reasoning in *Strasz. See In re Fatsis*, 405 B.R. 1 (1st BAP 2009) (relying on *Strasz* to conclude contempt order was a final, appealable order); *In re Webb*, 472 B.R. 665 (6th BAP 2012) (concluding sanctions order completely resolved the contempt issues between the parties such that it was a final, appeal order); *In re Norrie*, No. CC–16–1002–KuKiTa, 2016 WL 6407839, at *7 (9th BAP 2016) (concluding civil contempt of Rule 2004 examination was final, appealable order because there was no other clear time at which such contempt order would otherwise become final). On the other hand, other district courts have concluded contempt orders, even in the bankruptcy context, are interlocutory orders not subject to immediate appeal when they would otherwise not be immediately appealable. *See In re Connolly North Am., LLC*, 2011 WL 1357754, at *2 (E.D. Mich. Apr. 11, 2011) (concluding bankruptcy court's contempt order was interlocutory order); *In re VeroBlue Farms USA, Inc.*, No. 21-CV-3017-CJW-KEM, 2021 3260087 (N.D. Ia. June 30, 2021) (concluding sanctions order was not a final appealable order); *Regan v. Hon*, No. 3:20-cv-00846 (BKS), 2021 WL 3603051 (N.D.N.Y. Aug. 13, 2021) (concluding contempt order issued by bankruptcy court was not a final order).

Here, first, the Court does not find the Appellants to be disinterested non-parties to the bankruptcy case. The Appellants are not disinterested and do not lack a sufficient stake in the proceeding to risk contempt. Instead, they are subject to the PIQ Order because they have or will have asbestos claims against the Debtor. In a large bankruptcy case like the Debtor's, it may be

years before proofs of claims are filed, but in the meantime the claimants still have a significant stake in the bankruptcy case and actively participate.

Next, the Court concludes based on the facts of this case that the Contempt Order and Sanctions Order are interlocutory orders and not subject to immediate appeal. This Court previously concluded the PIQ Order is an interlocutory order. Additionally, in other appeals also challenging the PIQ Order, the Court dismissed the appeals as interlocutory. Again, here, the enforcement of that same PIQ Order is not any more final. In other contexts, a party to litigation may not immediately appeal contempt orders related to discovery orders. While the Court recognizes the approach in bankruptcy cases is slightly different than typical civil litigation, the court is not persuaded that the particular Orders in this case, related purely to an interlocutory discovery order, are final only in the context of a bankruptcy case when they otherwise would not be immediately appealable in the Fourth Circuit. The Court does not find that an order on one of numerous contempt motions, related to the same interlocutory PIQ Order, meets the standard "finally dispos[ing] of [a] discrete dispute[] within the larger case." *Bullard v. Blue Hills Bank*, 575 U.S. at 505. Notably, the Termination Order concluded that the accrued sanctions from the Sanctions Order will be setoff against any claim a Non-Compliant Claimant ultimately may have against a trust established pursuant to a confirmed plan of reorganization, and also waived sanctions for those claimants that stated they did not have pending claims against the Debtor. Thus, the accrued sanctions are not final. They depend on whether a trust is ultimately established pursuant to a confirmed plan of reorganization and whether an Appellant asserts a claim against such trust. Accordingly, despite urging otherwise, Appellants should have other opportunities to appeal the Orders such as during claim objections or plan confirmation, which result the Court again does not find significantly different than typical civil litigation. 28 U.S.C. § 157(b); *Bullard*,

575 U.S. at 503.

The court's reliance on Rule 9020 in *Stasz*, is also insufficient to conclude the Orders are final here. Rule 9020 essentially makes a contempt motion a contested matter. But, as the Supreme Court in *Bullard* noted, the number of contested matters or discrete disputes in bankruptcy cases is endless (i.e. motions for extension of time) such that an order in each contested matter is not a per se final order. Indeed, there have been numerous and significant disputes related to the PIQ Order. The continued defiance of the Bankruptcy Court's PIQ Order in an effort to avoid complying with it and appeal of the same will only further delay the administration of the bankruptcy case and cause a significant amount of piecemeal litigation. "[E]ach climb up the appellate ladder and slide down the chute can take more than a year. Avoiding such delays and inefficiencies is precisely the reason for a rule of finality. It does not make much sense to define the pertinent proceeding so narrowly that the requirement of finality would do little work as a meaningful constraint on the availability of appellate review." *Bullard*, 575 U.S. at 504. Accordingly, the Contempt Order and Sanction Order are interlocutory orders and this Court lacks jurisdiction over this appeal.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Appellee's Motion to Dismiss (Doc. No. 10) is **DENIED as moot**;

2. Appellee's Amended Motion to Dismiss (Doc. No. 19) is **GRANTED**; and

3. This appeal is **DISMISSED**.

The Clerk of Court is directed to close this case.

Signed: December 28, 2022

Robert J. Conrad, Jr.
United States District Judge